# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOY INEZ DENSON-DANIELS,**

        **Plaintiff,**

**v.**                                        **Case No:   6:13-cv-565-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

# MEMORANDUM OF DECISION

The Plaintiff Joy Inez Denson-Daniels (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits.  Doc. No. 1.  On May 11, 2005, Claimant filed applications for supplemental security income, a period of disability, and disability insurance benefits, alleging an onset of disability date of August 26, 2002.  R. 65-69, 449, 512.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards to the medical opinion evidence, specifically the opinions of the Claimant's treating neurologist, Dr. John A. Ortolani.  Doc. No. 25 at 12-15.[1]  For the reasons that follow, the final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Claimant also argues that the ALJ erred by: failing to state the weight given to the opinion of Claimant's treating chiropractor, Neil M. Brown (Doc. No. 25 at 15-16); making a credibility determination that is not supported by substantial evidence (Doc. No. 25 at 17-21); posing a hypothetical question to the vocational expert that did not include all of Claimant's limitations (Doc. No. 25 at 22-23); and failing to order a consultative physical examination (Doc. No. 25 at 23-24).

I.      **BACKGROUND.**

In *Denson-Daniels v. Commissioner of Social Security*, No. 6:09-cv-171-Orl-GJK, Doc.

No. 25 (M.D. Fla. Mar. 8, 2010), Claimant appealed to the District Court from a prior final decision

of the Commissioner denying Claimant's application benefits.   *Id*. at Doc. Nos. 1, 25.   In that

case, the Court reversed the Commissioner's final decision due to the ALJ's handling of the

opinion evidence, including Dr. Ortolani's opinion.   *Id*. at Doc. No. 25 at 18-20.   The Court

stated:

> Although the ALJ's opinion provides a detailed narrative of the
> medical history, which the Court found to be very helpful, the
> opinion simply does not . . . make clear what weight if any was given
> to Dr. Ortolani's opinion and impermissibly gives substantial weight
> to [a] non-examining state agency consulting opinion.

*Id*. at Doc. No. 25 at 20.   On remand, the Appeals Council directed the ALJ to conduct "further

proceedings consistent with the order of the court."   R. 526.   Following a new hearing, the ALJ

issued a new decision finding Claimant not disabled.   R. 512-23.   Claimant has appealed that

decision to the District Court, arguing that the ALJ failed to apply the correct legal standards to

the medical opinion of Dr. Ortolani.   Doc. No. 25 at at 13-15.

II.     **ANALYSIS.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla — *i.e.*, the evidence must do

more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937

F.2d 580, 584 n.3 (11th Cir. 1991).   The Court "'may not decide the facts anew, reweigh the

evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's sequential evaluation process for determining disability.   In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy."  *Gaskin v. Commissioner of Social Security*, 533 F. App'x. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[2]  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).   The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).   *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight.   *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

---

[2]  In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.   *See* 11th Cir. R. 36-2.

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.2004) (citations omitted); *see also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir.1991); *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986).

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005).

Conclusory statements by an ALJ to the effect that an opinion is inconsistent with or not bolstered by the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion. *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason) (citing authority); *Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

It is not uncommon for this Court to be presented with generalized statements from an ALJ that a treating physician's opinion, which contains limitations beyond those found by the ALJ, is inconsistent with the physician's own treatment notes, unsupported by the record as a whole, or fails to document the type of findings one would expect if the claimant were disabled. The Court has routinely rejected such generalized statements as conclusory and insufficient to meet the obligation to establish good cause for giving a treating physician's opinion less than substantial or considerable weight, as well as the obligation to state with particularity the weight given to the

physician's opinion and the reasons therefor. *Winschel*, 631 F.3d 1178-79.   When such generalized statements are unaccompanied by more specific statements and supporting record citations, the Court is unable to find that substantial weight supports the ALJ's decision.   *See Id.*

John A. Ortolani, M.D., treated Claimant August 2006 through March 2007.   R. 378-79, 385-91.   Dr. Ortolani completed an undated physical residual functional capacity ("RFC") questionnaire.   R. 380-84.[3]   Dr. Ortolani noted Claimant's diagnoses of cervical and lumbosacral radiculopathy and symptoms of pain, spasms and fatigue.   R. 380.   He opined that the Claimant is not a malingerer and that emotional factors do not contribute to the severity of the Claimant's symptoms and functional limitations.   R. 381.   He indicated that her impairments were reasonably consistent with her symptoms and functional limitations.   *Id.*   Dr. Ortolani opined that the Claimant would frequently experience pain or other symptoms severe enough to interfere with the attention and concentration needed to perform simple routine tasks and that she was incapable of even a "low stress" job. *Id.*   He further opined that the Claimant can walk one city block without rest or severe pain; she can sit 45 minutes at one time; stand 5 minutes at one time; sit and stand/walk less than 2 hours in an 8-hour workday; she must have the option to walk every five minutes for five minutes, take unscheduled breaks, elevate her legs while sitting, and use a cane or other assistive device; she must never lift anything even less than 10 pounds; rarely look down, turn head right or left or look up and can only occasionally hold her head in static position; and she can rarely twist and never stoop, crouch, squat, or climb ladders or stairs.   R. 380-83.   He indicated that she would have good and bad days, and would likely be absent from work more than 4 days per month.   R. 383.

On October 30, 2006, Dr. Ortolani noted that the Claimant was doing a little better, but she

---

[3]  In its prior decision, the Court incorrectly stated that Dr. Ortolani's RFC is dated January 8, 2004.   *See Denson-Daniels*, No. 6:09-cv-171-GJK, Doc. No. 25 at 4 (M.D. Fla. Mar. 8, 2010).

was still experiencing spasms in the supraspinatus muscle on the elevator of the scapula bilaterally. R. 385.   She still had the herniated disc in her neck and back and was expected to have some residual pain.   *Id.*   He continued her on Darvocet, Naprosyn and Parafon.   *Id.*   On December 14, 2006, Dr. Ortolani noted that the Claimant's main injuries that prevent her from working are the herniated discs at C3-4 and C5-6.   R. 379.   He opined that she cannot bend her neck and cannot lean over to sew.   *Id.*   Dr. Ortolani stated:

> I feel this amounts to an 8% impairment of the body as a whole related to the accident of August 19, 2006.   She is still restricted, and I do not feel she is capable of working at this time.

*Id.*   He continued her same prescriptions.   *Id.*

In his decision, the ALJ found that Claimant retains the ability to perform the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the [ALJ] finds that the claimant has the [RFC] to perform light work. . . The claimant is able to frequently and occasionally lift and carry a maximum of 10 pounds.   She needs the option to sit or stand within her assigned workstation.   She must avoid ladders and unprotected heights. She must avoid the operation of heaving moving machinery.   She must avoid concentrated dust, fumes and gases.   She needs a low stress position.   She is able to occasionally bend, crouch, kneel, stoop or squat.   She is not able to crawl.

R. 516.   Thus, the ALJ's RFC limits Claimant to a reduced range of light work, but it is less restrictive than Dr. Ortolani's RFC.   *Compare* R. 516 *with* 380-84.

In the decision, the ALJ provides a good summary of medical record, including Dr. Ortolani's treatment records.   R. 516-21.     With respect to Dr. Ortolani's RFC opinion, the ALJ states:

> Dr. Ortolani prepared an undated physical [RFC].   He said the clinical findings included decreased range of motion and spasms. Dr. Ortolani said the claimant's pain and other symptoms frequently interfere with her attention and concentration.   He opined that the claimant is incapable of even a low stress job. [citing R. 380-84.]

> The opinion is given no weight because it is inconsistent with the treatment records and because it conflicts with the greater weight of the evidence.

R. 520.   The ALJ's decision does not provide a thorough summary of Dr. Ortolani's RFC because it ignores three (3) pages of specific functional limitations.   *Compare* R. 520 *with* R. 381-83. Moreover, the ALJ completely rejects all of Dr. Ortolani's opinions because they are "inconsistent with the treatment records and because [they] conflict[ ] with the greater weight of the evidence." R. 520.

The ALJ's reasons for rejecting Dr. Ortolani's opinions are conclusory and not supported by substantial evidence.   *See Poplardo v. Astrue*, No. 3:06-cv-1101-J-MCR, 2008 WL 68593, at *11 (M.D. Fla. Jan. 4, 2008) (failure to specifically articulate evidence contrary to treating doctor's opinion requires remand); *see also Paltan v. Comm'r of Social Sec.*, No. 6:07-cv-932-Orl-19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr. 22, 2008) ("The ALJ's failure to explain how [the treating doctor's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").   While the ALJ did recite reasons to reject or give limited weight to Dr. Ortolani's opinions, *i.e.*, that it is not supported or bolstered by his treatment notes, the ALJ failed to articulate the evidence supporting those reasons.   *See Anderson v. Astrue,* No. 3:12-cv-308-J-JRK, 2013 WL 593754, at *5 (M.D. Fla. Feb. 15, 2013) (ALJ must do more than recite a good cause reason to reject treating physician opinion and must articulate evidence supporting that reason).   Furthermore, while the ALJ does state later in the decision that Dr. Arthur Lorber, a non-examining orthopedic surgeon who testified based upon a records review, "opined that the evidence and Dr. Ortolani's treatment records did not support Dr. Ortolani's assessment," in the Eleventh Circuit the opinion of a non-examining physician is generally not good cause to reject the opinion of a treating physician. R. 520; *See Shafarz v. Bowen*, 825 F.3d 278, 279-80 (11th Cir. 1987) (non-examining opinion does not constitute good cause to reject treating physician opinion

and standing alone does not constitute substantial evidence upon which to base a decision) (citing *Spencer*, 765 F.2d at 1094); *Lamb*, 847 F.2d at 703 (same); *Poellnitz v. Astrue*, 349 F. App'x. 500, 502 (11th Cir. 2009) (unpublished) ("the opinion of a non-examining physician is entitled to little weight when it contradicts the opinion of an examining physician"); *Magill v. Commissioner of Social Security*, 147 F. App'x. 92, 95 (11th Cir. 2005) (unpublished) (non-examining opinions do not establish good cause to reject treating physician opinion).    Accordingly, the ALJ failed to demonstrate good cause, supported by substantial evidence, for rejecting Dr. Ortolani's opinion, which requires reversal.[4]

## III.   CONCLUSION.

Claimant requests a remand for further proceedings.    Doc. No. 25 at 13, 24.[5] Accordingly, it **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2.   The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

---

[4]  The additional arguments raised by Claimant (*see supra* n.1) are not meritorious.

[5]  To be clear, the Court is not holding that the ALJ must adopt Dr. Ortolani's opinion.   On remand, the ALJ must state with particularity the weight given to the acceptable medical opinions in the record and the reasons therefor. Those reasons must not be conclusory and the ALJ must state with particularity the evidence that supports the ALJ's conclusions regarding the weight given to each opinion.   This is so because the Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). This means that the Court cannot decide for itself what evidence scattered throughout the record or the ALJ's decision may support the ALJ's conclusions.   Rather, the ALJ must point the Court to that evidence so the Court can determine whether the ALJ's decision is supported by substantial evidence.

**DONE AND ORDERED** in Orlando, Florida on May 29, 2014

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

The Honorable Robert Droker
Administrative Law Judge
c/o Office of Disability Adjudication and Review
8880 Freedom Xing Trl
Desoto Bldg, Suite 400
Jacksonville, FL 32256-1224